UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SABRINA M. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>U.S. Equal Employment Opportunity )<br>Commission, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-cv-13000-DJC |

MEMORANDUM AND ORDER

CASPER, J.                                                                                                April 23, 2024

For the reasons set forth below, the Court allows plaintiff's first motion for leave to proceed

*in forma pauperis*, denies as moot plaintiff's second motion for leave to proceed *in forma pauperis*,

and denies plaintiff's motions for name change, for reconsideration and for electronic filing and

dismisses this action.

## I.     Background

On December 6, 2023, Sabrina M. Williams ("Williams") filed a *pro se* complaint naming

as sole defendant the United States Equal Employment Opportunity Commission ("E.E.O.C."). D.

1. In her complaint, Williams describes alleged failures in the adjudication of the administrative

charge of discrimination that she filed against her employer. Id.  Williams is proceeding against

the E.E.O.C. pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, as well

as 18 U.S.C. § 242 and 42 U.S.C. § 1983. D. 1 at 1 (the nature of the suit).  Williams contends

that the defendant agency failed to enforce "Title VII of the Civil Rights Act of 1964 per the Equal

Employment Opportunity Commission" which she alleges has "allowed for further violation of

[her] constitutional rights." Id. at 1 (cause of action).  Williams also describes alleged improper conduct of her employer's counsel in the lawsuit that Williams filed on September 18, 2023. See Williams v Amazon, Inc., C.A. No. 23-12122-AK. Id. at 1-4.  Williams asserts that "while in the process of litigating with Amazon's attorney, [Williams]  found that the Attorney had taken information that [Williams] provided her, used it to her benefit, then violate[d] the Federal Civil Procedure Rules in a manner as if [Williams] had not provided her information which allowed her to make decisions based on the civil action." D. 1 at 4.  As best cam be gleaned from the complaint, Williams seeks "reconsideration" of the rulings made in Williams v. Amazon, Inc., C.A. No. 23-12122-AK, "and should that not be allowed, appeal the original decision of the EEOC and provide the information provided above in support of the Notice of Appeal." Id.

## II.      In Forma Pauperis

Williams filed two motions for leave to proceed *in forma pauperis*. D. 2, 9.  Plaintiff's first motion for leave to proceed *in forma pauperis*, D. 2, is allowed and the second motion, D. 9, is denied as moot.

## III.      Motion to "Change Name"

Contemporaneously with the filing of the complaint,[1] Williams moved for permission to proceed in this action with her true name "abbreviated to her initials only, S.W." which would allow "the plaintiff's information to be concealed" and not "searchable or retrievable by her name." D. 3.

The First Circuit recognizes "four general categories of exceptional cases in which party anonymity ordinarily will be warranted." Doe v. Mass. Inst. of Tech., 46 F.4th 61, 71 (1st Cir. 2022).  Those categories are:  "(1) cases in which disclosure of the would-be Doe's identity would

---

[1] Nine days later, on December 15, 2023, Williams filed an ex-parte motion for reconsideration concerning her request for name change.  D. 7.

cause [her] unusually severe harm; (2) cases in which identifying the would-be Doe would harm "innocent non-parties"; (3) cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) suits that are bound up with a prior proceeding made confidential by law." Doe v. Town of Lisbon, 78 F.4th 38, 46 (1st Cir. 2023) (internal citations, quotation marks and citations omitted). "A district court adjudicating a motion to proceed under a pseudonym should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." Doe, 46 F.4th at 72.

Here, Williams has not provided any particularized showing of harm nor specific circumstances that would support Williams' request to proceed under a pseudonym. Accordingly, the Court DENIES Williams' motion, D. 3, for name change and her motion for reconsideration of same, D. 7.

## IV.    Standard of Review

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, the Court has an obligation to examine its own jurisdiction. See Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018); Fed. R. Civ. P. 12(h)(3). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (internal citation omitted).

In conducting this review, the Court liberally construes the complaint because Williams is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**V.      Discussion**

The Court lacks jurisdiction to provide the relief that Williams seeks.  As an initial matter, the federal criminal statute referred to in the complaint, 18 U.S.C. § 242 (deprivation of rights under color of law), does not provide a private right of action and cannot be invoked in a civil action. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242").

Similarly, 42 U.S.C. § 1983 does not provide a private right of action against the E.E.O.C. Section 1983 claims may be asserted only against a person acting under the color of state law and not against the United States or a federal agency.  Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1105–06, 1107 (D.C. Cir. 2005); Alves v. U.S. Postal Serv., No. 12–12152–LTS, 2013 WL 2420939, *5 (D. Mass. May 31, 2013).

To the extent Williams seeks to proceed pursuant to Title VII, this statute does not provide Williams with a private cause of action against the E.E.O.C.  The provisions of Title VII grant courts jurisdiction to entertain suits against respondent employers who discriminate against their employees or applicants, none of the above provisions confers jurisdiction over a suit against E.E.O.C. for actions it takes in carrying out its enforcement responsibilities. The right to sue one's former employer *de novo* is the sole remedy for the kind of E.E.O.C. misfeasance alleged by plaintiff and there is no implicit right to sue the E.E.O.C. directly.  Feldstein v. E.E.O.C., 547 F. Supp. 97, 99 (D. Mass. 1982); see Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) (noting that "no cause of action against the EEOC exists for challenges to its processing of a

4

claim"). Title VII nowhere authorizes complainants who are dissatisfied with the E.E.O.C.'s processing and investigation to file suit against the E.E.O.C. See McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir. 1984) (observing that "Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge"); Francis–Sobel v. University of Maine, 597 F.2d 15, 16-17 (1st Cir. 1979) (no constitutional cause of action exists against the EEOC for assistance that plaintiff alleged "by the EEOC that was worse than useless").

To the extent that Williams seeks, through this action, to have the undersigned review the parties conduct and/or the assigned judge's rulings in Williams v Amazon, Inc., C.A. No. 23-12122-AK, such matters are confined to the presiding judge in that matter or, on appeal, by the Firsti Circuit. See 28 U.S.C. § 1291 (providing that "the courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States").

Finally, Williams' motion for electronic filing in this action, D. 6, and motion for summons to issue, D. 12, are denied as moot given the dismissal of this action.

**VI.     Conclusion**

For the foregoing reasons, it is hereby ORDERED:

1.      The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED, and the second motion D. 9, is DENIED as moot in light of the allowance of D. 2.

2.      The motion for name change, D. 3, is DENIED.

3.      The motion for leave to file electronically, D. 6, is DENIED as moot in light of the dismissal.

4.      The motion to receive summons, D. 12, is DENIED as moot in light of the dismissal.

5.      This action is DISMISSED.  The clerk shall enter a separate order of dismissal.


    **So Ordered.**                /s Denise J. Casper
                                    Denise J. Casper
                                    United States District Judge